1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONTE L. HANEY,                      )
                                     )
            Plaintiff(s),            )        No. C 08-4294 CRB (PR)
                                     )
    v.                               )        ORDER OF SERVICE
                                     )
ROBERT J. AYERS, JR., et al.,        )
                                     )
            Defendant(s).            )
                                     )

        Plaintiff, a prisoner at Corcoran State Prison, has filed a pro se complaint

for damages under 42 U.S.C. § 1983 alleging deprivation of outside exercise,

deliberate indifference to serious medical needs and improper processing of his

inmate grievances while he was incarcerated at San Quentin State Prison (SQSP).

**DISCUSSION**

A.    Standard of Review

        Federal courts must engage in a preliminary screening of cases in which

prisoners seek redress from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such

1    relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

2    Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

3         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

4    elements: (1) that a right secured by the Constitution or laws of the United States

5    was violated, and (2) that the alleged violation was committed by a person acting

6    under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

7    B.    Legal Claims

8         Plaintiff alleges that he was intentionally deprived of outside exercise

9    from September 7, 2005 to August 2, 2006 by defendants Robert L. Ayers, Jr.,

10   R. Luna, J. Holzman, P. Speer, P. D. Woods and D. Grossi.  Liberally construed,

11   plaintiff's allegations state a cognizable § 1983 claim for damages against these

12   defendants.  See Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (en

13   banc) (denial of outdoor exercise for 6-1/2 weeks meets objective prong of 8th

14   Amendment deliberate indifference claim).

15        Plaintiff alleges that defendants G. A. Wilson and J. Clarke denied him his

16   high blood pressure medication on various occasions.  Liberally construed,

17   plaintiff's allegations state cognizable § 1983 claim for damages against these

18   defendants.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (deliberate

19   indifference to serious medical needs violates 8th Amendment's proscription

20   against cruel and unusual punishment).

21        Plaintiff's allegations of improper processing of his inmate grievances fail

22   to state a claim under § 1983.  There is no constitutional right to a prison

23   administrative appeal or grievance system, much less to an effective one.  See

24   Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d

25   639, 640 (9th Cir. 1988).  Plaintiff's allegations of improper processing of his

26   inmate grievances are DISMISSED under the authority of 28 U.S.C. § 1915A(b).

27

28                                        2

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants at SQSP:  Robert L. Ayers, Jr., R. Luna, J. Holzman, P. Speer, P. D. Woods, D. Grossi, G. A. Wilson and J. Clarke.  The clerk also shall serve a copy of this order on plaintiff.

2.      In order to expedite the resolution of this case, the court orders as follows:

a.      No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there

1    is no genuine issue of material fact--that is, if there is no real dispute about any

2    fact that would affect the result of your case, the party who asked for summary

3    judgment is entitled to judgment as a matter of law, which will end your case.

4    When a party you are suing makes a motion for summary judgment that is

5    properly supported by declarations (or other sworn testimony), you cannot simply

6    rely on what your complaint says.  Instead, you must set out specific facts in

7    declarations, depositions, answers to interrogatories, or authenticated documents,

8    as provided in Rule 56(e), that contradicts the facts shown in the defendant's

9    declarations and documents and show that there is a genuine issue of material

10    fact for trial.  If you do not submit your own evidence in opposition, summary

11    judgment, if appropriate, may be entered against you.  If summary judgment is

12    granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,

13    154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

14         Plaintiff is also advised that a motion to dismiss for failure to exhaust

15    administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

16    case, albeit without prejudice.  You must "develop a record" and present it in

17    your opposition in order to dispute any "factual record" presented by the

18    defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120

19    n.14 (9th Cir. 2003).

20         d.     Defendants shall file a reply brief within 15 days of the date

21    on which plaintiff serves them with the opposition.

22         e.     The motion shall be deemed submitted as of the date the

23    reply brief is due.  No hearing will be held on the motion unless the court so

24    orders at a later date.

25         3.     Discovery may be taken in accordance with the Federal Rules of

26    Civil Procedure.  No further court order is required before the parties may

27

28                                                 4

1  conduct discovery.

2      4.     All communications by plaintiff with the court must be served on

3  defendants, or defendants' counsel once counsel has been designated, by mailing

4  a true copy of the document to defendants or defendants' counsel.

5      5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must

6  keep the court and all parties informed of any change of address and must comply

7  with the court's orders in a timely fashion.  Failure to do so may result in the

8  dismissal of this action under Federal Rule of Civil Procedure 41(b).

9  SO ORDERED.

10 DATED:  Dec. 19, 2008

   CHARLES R. BREYER
11                                          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  G:\PRO-SE\CRB\CR.08\Haney, M1.serve.wpd

28                                          5